UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA ELAINE
BLACKMON,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No. 1:18-cv-13032
District Judge Thomas L. Ludington
Magistrate Judge Anthony P. Patti

# REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**: The Court should dismiss Plaintiff's action without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), and for failure to show cause.

**II.  REPORT:** This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's January 4, 2019 Order to Show Cause. (DE 8.)

    **A.  Background**

On September 27, 2018, Plaintiff, Patricia Elaine Blackmon, proceeding *pro se*, filed this action under 42 U.S.C. § 405(g) for a review of a final decision of the Commissioner of Social Security denying her application for social security disability benefits.  (DE 1.)  She named as Defendant the Commissioner of Social

1

Security. (*Id.*) On the same day, she also filed an application to proceed in district court without prepaying fees or costs. (DE 2.) The Court reviewed Plaintiff's application to proceed *in forma pauperis* and concluded that it could not rule on it at that time because the form application (AO 240) was noticeably unresponsive as to question 2 regarding employment and gross pay or wages. (*Id.*) The Court therefore held Plaintiff's application in abeyance and ordered her to file a supplemental application by October 15, 2018 which fully answers the questions asked. (DE 5.)

Plaintiff failed to file a supplemental application. Accordingly, on October 23, 2018, the Court entered an Order denying without prejudice Plaintiff's September 27, 2018 application to proceed in district court without prepaying fees or costs. (DE 7.) The Court advised Plaintiff of her responsibility for service of a summons and a copy of the complaint on all defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure (here, by December 26, 2018) and that a blank copy of the summons is available for download on the Court's website. (*Id.*) The Court also reminded Plaintiff about the availability of the federal *pro se* legal assistance clinic operated by the University of Detroit-Mercy Law School. (*Id.*)

However, Plaintiff failed to perfect service over Defendant. Accordingly, on January 4, 2019, the Court issued an order to show cause for failure to effect service over Defendant. (DE 8.) Specifically, the Court ordered Plaintiff "to

**SHOW CAUSE <u>IN WRITING</u> ON OR BEFORE JANUARY 25, 2019** why the Court should not dismiss Defendant Commissioner from this action and why the Court should allow an extension of time to effect service." (*Id.* (emphases in original).) The Order further stated that "[i]n the event that Plaintiff fails to provide good cause, the Court will issue a Report and Recommendation that Plaintiff's claims against Defendant Commissioner be dismissed without prejudice." (*Id.*)

To date, Plaintiff has not responded to the Show Cause Order.

**B. Standard**

Federal Rule of Civil Procedure 4(m), provides in pertinent part as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

**C. Discussion**

The record demonstrates that more than 90 days have elapsed since Plaintiff's September 27, 2018 complaint was filed. Plaintiff has failed to show cause, despite being required to do so and despite being warned that failure would result in a recommendation of dismissal. There is no indication that service has been accomplished and Plaintiff appears to have abandoned this case. The

3

Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action under Rule 4(m).

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: February 21, 2019	s/*Anthony P. Patti*
	Anthony P. Patti
	UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 21, 2019.

	s/Marlena Williams
	In the absence of Michael Williams
	Case Manager